IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EUGENE ALDRIDGE,      )<br>                               )<br>          Plaintiff,        )<br>                               )<br>                               )   Case No.<br>     v.                      )<br>NATIONAL RAILROAD            )<br>PASSENGER CORPORATION, d/b/a )<br>AMTRAK,                      )<br>                               )<br>          Defendants.    ) | |

## NOTICE OF REMOVAL

NOW COMES the defendants NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK") by undersigned counsel, and files this Notice of Removal pursuant to 28 U.S.C. § 1446. In support of this Notice, Defendant states as follows:

1. The Petition in the above-captioned matter was filed in the Circuit Court of St. Louis County, Missouri, on April 20, 2020. (A copy of the Petition is attached as Exhibit A). In Plaintiff's Petition, Plaintiff alleges that he was injured on April 28, 2018 when allegedly was hurt while riding on a cart at the Amtrak station.

2. This Notice of Removal is being filed with this Court within thirty (30) days from the earliest date when the defendant had notice of and was in receipt of the complaint. Defendant National Railroad Passenger Corporation had notice of the Petition on May 14, 2020 when it was first served upon Defendant.

3. Pursuant to 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Pursuant to § 1349, the district courts "shall not have jurisdiction of any civil action by or against any corporation

upon the ground that it was incorporated by or under an Act of Congress, *unless the United States is the owner of more than one-half of its capital stock*." (Emphasis Added).

Said otherwise, the district courts shall original jurisdiction of civil actions against a corporation where the United States owns more than one-half of the capital stock. See, e.g. *Osborne v. Bank of the United States*, 22 U.S. (9 Wheat) 738 (1824) (since the Bank of the United States was created by an Act of Congress any suit to which the bank was a party was a suit arising out of the laws of the United States); *Pacific Railroad Removal Cases*, 115 U.S. (1885) (suits involving federally chartered corporations, even ones that were privately owned, created federal questions and were within the original jurisdiction of the district courts); *see also* 13B C. Wright. A. Miller, & E.Cooper, FEDERAL PRACTICE AND PROCEDURE, sec. 3571, at 176-178 (2nd Ed. 1984)("Thus there is federal jurisdiction without more of an action by or against a corporation if the United States owns more than half the capital stock of the corporation."(and cases cited therein).

4. Amtrak was created by an Act of Congress (45 U.S.C. § 501 *et seq*.), and was incorporated pursuant to 45 U.S.C. §§ 541 and 542, now codified under 49 U.S.C. §§ 24301, *et seq*. Additionally, the United States is the owner of more than one-half of Amtrak's capital stock.

5. Because the United States is the owner of more than one-half of Amtrak's capital stock, under the case law and authorities cited, this Court has original jurisdiction of this matter. *Adkins v. Illinois Central Railroad Co*., 326 F.3d 828, 848 (7th Cir. 2003); *Estate of Wright v. Illinois Central Railroad*, 831 F. Supp. 574 (S.D. Miss. 1993) (National Railroad Passenger Corporation was subject to federal question jurisdiction under §§ 1331 and 1349). See also *In Re Rail Collision Near Chase, Maryland on January 4, 1987 Litigation*, 680 F.Supp. 728 (D. Md. 1987).

6. This cause does not arise under the worker's compensation laws of any state and is not brought under 45 U.S.C. §§ 51-60 or 49 U.S.C. § 11707 against a common carrier, railroad or their receivers of trustees. Therefore, this cause is removable to this Court pursuant to 28 U.S.C. § 1441(a).

7. Further, in accordance with 28 U.S.C.§ 1446 (d), undersigned counsel has given written notice of the filing of this Notice of Removal via U.S. Mail with attached exhibits to Plaintiff through his counsel, Emery Reusch, Cofman Townsley, LLP, 200 S. Hanley Road, Suite 1070, St. Louis, MO 63105. In further compliance with §§ 1446(d) Defendant National Railroad Passenger Corporation will file with the clerk of the Circuit Court of St. Louis County a copy of this Notice of Removal.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION files this Notice of Removal so that the entire state court action under Court No. 20SL-CC02263, now pending in the Circuit Court of St. Louis County, Missouri, be removed to this Court for all further proceedings.

Respectfully Submitted,

**BOYLE BRASHER LLC**

By: /s/ Mark R. Kurz

Mark R. Kurz, 43962
Boyle Brasher LLC
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223
(618) 277-9000 (phone)
(618) 277-4594 (fax)
mkurz@boylebrasher.com