

CERTIFIED MAIL

7019 0700 0001 2594 8997





US POSTAGE
$07.05
First-Class
Mailed From 63105
05/05/2020
032A 0061847617



COFMAN
TOWNSLEY
ATTORNEYS AT LAW

Cofman Townsley, L.L.P.
200 South Hanley Road • Suite 1070
Clayton, Missouri  63105

ELEANOR ACHESON
GENERAL COUNSEL
1 MASSACHUSETTS AVE, NW
WASHINGTON, DC 20001

200018140l  C012

EXHIBIT A



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARY ELIZABETH OTT | Case Number:  20SL-CC02263 |
| Plaintiff/Petitioner:<br>EUGENE ALDRIDGE<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>EMERY ALTON REUSCH<br>505 NORTH 7TH STREET<br>SUITE 2010<br>ST LOUIS, MO  63101 |
| Defendant/Respondent:<br>NATIONAL RAILROAD PASSENGER<br>CORPORATION<br>DBA:  AMTRAK | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

**RECEIVED** AMTRAK MAY 1 4 2020

**ELEANOR D. ACHESON** EXECUTIVE VICE PRESIDENT, CHIEF LEGAL OFFICER, GENERAL COUNSEL & CORPORATE SECRETARY

(Date File Stamp)

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to:   NATIONAL RAILROAD PASSENGER CORPORATION
                            DBA:  AMTRAK
1 MASSACHUSETTS AVENUE, NW
WASHINGTON, DC  20001

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>04-MAY-2020</u>
Date
Further Information:
AD

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
   _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐ other (describe) _____
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                      (use for out-of-state officer)
*(Seal)*            ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

EXHIBIT A

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| Total | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3) On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### <u>Purpose of Notice</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### <u>Your Rights and Obligations in Court Are Not Affected By This Notice</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### <u>Alternative Dispute Resolution Procedures</u>

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

EXHIBIT A

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

EXHIBIT A

**20SL-CC02263**

Electronically Filed - St Louis County - April 20, 2020 - 12:56 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

EUGENE ALDRIDGE,

     Plaintiff,

v.

NATIONAL RAILRODA PASSENGER
CORPORATION d/b/a AMTRAK,

Serve: Eleanor Acheson
      General Counsel
      1 Massachusetts Avenue, NW
      Washington, DC 20001

     Defendant.

Case Number

**JURY TRIAL DEMANDED**

## PETITION

Plaintiff Eugene Aldridge, by and through undersigned counsel, and for his Petition against

Defendant National Railroad Passenger Corporation d/b/a Amtrak, states as follows:

1.     Plaintiff Eugene Aldridge ("Plaintiff") is an individual resident of the State of

Illinois with his primary residence located in East St. Louis, Illinois.

2.     Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Defendant") is

a corporation duly organized, created, and existing, and was at all times hereinafter mentioned a

common carrier in interstate transportation and commerce by railroad.

3.     This Court has jurisdiction over this matter because the incident at issue occurred

in the State of Missouri.

4.     Venue is proper in this Court pursuant to § 508.010, RSMo. because this Petition

alleges a tort and Plaintiff was first injured in St. Louis City, Missouri, where the incident at issue

occurred.

EXHIBIT A

Electronically Filed - St Louis County - April 20, 2020 - 12:56 PM

5.    The Defendant operates trains and owns tracks, stations, yards, equipment, and other property in the City of St. Louis.

6.    At all times pertinent hereto, the property, equipment, materials, and operations involved in the injuries sustained by Plaintiff were owned by the Defendant and were under the direct and exclusive control of the Defendant, its servants, agents, and/or employees.

7.    On or about April 28, 2018, Plaintiff was a passenger traveling to St. Louis on Defendant's train passenger service.

8.    Plaintiff arrived at Defendant's station in downtown St. Louis.

9.    Upon arrival, Defendant continued transporting Plaintiff as a passenger on a motorized cart.

10.    The motorized cart had several trailing carts attached to it.

11.    The motorized cart, and the trailing carts, were owned and operated by Defendant, its servants, agents, and employees and used for the purposes of transporting customers.

12.    While transporting Plaintiff in the motorized carts, Defendant negligently and carelessly operated the motorized cart, causing Plaintiff to be ejected from his seat as a result of the speed and operation of the cart and/or an object becoming dislodged due to the cart's operation and striking Plaintiff.

13.    Defendant's negligent and careless operation of the cart caused Plaintiff to be violently thrown from his seat onto the floor of the passenger cart, resulting in significant personal injuries to Plaintiff.

14.    At the time of Plaintiff's injury, Defendant was operating as a common carrier and thereby owed Plaintiff the duty to operate with the highest degree of care.

EXHIBIT A

Electronically Filed - St Louis County - April 20, 2020 - 12:56 PM

15.     Due to the unique control it possesses over its passengers' safety, Defendant owed Plaintiff a duty to operate its equipment, including the motorized cart and passenger carts upon which Plaintiff was riding, in conformance with all laws, rules, and regulations governing the operation of motorized vehicles and otherwise with the highest degree of care.

16.     Defendant, by and through its servants, agents, and employees breached its duty, and was careless and negligent in one or more of the following respects:

a.     Defendant operated the cart at a rate of speed that was high, excessive, dangerous, and not reasonably safe under the circumstances and conditions;

b.     Defendant failed to properly train and instruct the driver in the safe operation of the cart;

c.     Defendant failed keep a proper lookout;

d.     Defendant otherwise failed to operate the cart in a manner to avoid causing injury to its passengers.

17.     As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff has suffered damages, including but not limited to the following:

a.     Plaintiff sustained injuries to his neck, spine, back, head, chest, and right leg that required, require, and will in the future continue to require medical care and treatment;

b.     Plaintiff suffered, suffers and will in the future continue to suffer physical pain and mental anguish;

c.     Plaintiff's body has been, is, and will in the future continue to be limited, impaired and diminished;

d.     Plaintiff's ability to work and to labor has been, is, and will in the future continue to be impaired and diminished; and

e.     Plaintiff has incurred medical expenses for medicines, doctors, x-rays, medical institutions, chiropractors, physical therapy, prescriptions and other treatment and care, and in the future will be required to expend additional sums for the same, the exact amount of which cannot be definitely ascertained at this time.

EXHIBIT A

Electronically Filed - St Louis County - April 20, 2020 - 12:56 PM

WHEREFORE Plaintiff Eugene Aldridge respectfully prays for judgment against Defendant National Railroad Passenger Corporation d/b/a Amtrak in an amount in excess of $25,000.00 that is fair and reasonable, plus post-judgment interest, plus his costs incurred herein, and for such other and further relief as the Court deems just and proper under the above-stated facts.

COFMAN TOWNSLEY, LLP

_/s/ Emery Reusch_
Emery Reusch, #65129
Todd Nissenholtz, #55049
200 S. Hanley Road, Suite 1070
St. Louis, Missouri 63105
T: 314.621.2005 | F: 314.621.3118
ereusch@cofmantownsley.com
tn@cofmantownsley.com

_Attorneys for Plaintiff Eugene Aldridge_

4

EXHIBIT A